## SCHEDULE OF DISTRIBUTION

### PRISCILLA STUART V. GEICO INSURANCE COMPANY

| | | | | |
|---|---|---|---|---|
| I. | Settlement – Underinsured Motorist Claim | | | $ 47,500.00 |
| | | | | |
| II. | To: DiSandro & Malloy, P.C.<br>(Legal Fee – 35%) | $ 16,625.00<br>$ 16,625.00 | | $ 30,875.00<br>$ 30,875.00 |
| | | | | |
| III. | To: DiSandro & Malloy, P.C.<br>(Reimbursement of Legal Expenses) | | | |
| | 1. Miscellaneous file costs, investigation costs, photocopies, etc. | 92.70<br>$   92.70 | | $       92.70<br>$ 30,782.30 |
| | | | | |
| IV. | To: Priscilla Stuart *<br>(Net Proceeds) | | | $ 30,782.30*<br>$         0.00 |

(*The sum of $5,000.00 is being held in escrow for satisfaction of pending Medicare lien, thereby leaving a net balance for distribution at this time in the amount of **$25,782.30**. Any amount remaining after satisfaction of lien shall be subject to any bankruptcy order in place at the time regarding distribution of funds.)

### SUMMARY OF NET RECOVERY

1. **Third Party Net Recovery:**   $ 4,513.74 (2/1/18)

2. **Underinsured Recovery:**   $25,782.30

   **TOTAL NET RECOVERY:**   **$30,296.04**

Your file will be retained in storage for a period of 7 years from the date of the signing of this Schedule of Distribution. At the expiration of 7 years your file will be destroyed.

I hereby approve the above Schedule of Distribution and authorize you to make distribution of the gross settlement according to the terms set forth herein, and acknowledge receipt of a copy hereof.

I further acknowledge that my attorney has explained the settlement terms and I fully understand them, and I consider the terms of this settlement agreement fair, adequate and satisfactory. I further acknowledge that it has been explained to me that I could have received more or less than this sum had I proceeded to a trial on my case.

I acknowledge that certain medical providers may have outstanding balances in this matter and that there may exist a claim for reimbursement of these monies. I further acknowledge that if a claim is made for reimbursement of these monies at some future date, it remains my sole responsibility.

Further, I acknowledge that in the event the modified/amended Release submitted by my attorneys is rejected and/or otherwise refused by the settling party or parties and they require a General Release as a condition of settlement, I hereby direct/authorize my attorneys to provide said General Release with the understanding that by doing so, this represents settlement of any and all claims including but not limited to any potential claims for improper medical care, wrongful conduct on behalf of any insurance carrier, or liability against any product manufacturer, distributor, seller or installer following the accident of ___12/21/13___, and that I will be barred from bringing such claims in the future.

Schedule of Distribution –

I further authorize the firm of DiSandro & Malloy, P.C. to endorse my name on the check/checks for the settlement proceeds, for purposes of being able to deposit same into its attorney escrow account and make distribution pursuant to the Schedule of Distribution.

_____            _____
DATE                                                                    PRISCILLA STUART

_____
WITNESS

E. Douglas DiSandro, Esquire
DiSandro & Malloy, P.C.
1760 Market Street, Suite 1201
Philadelphia, PA 19103
File No. : 22258561
Date of Accident:  12/21/13